RHODE ISLAND HOSPITAL TRUST COMPANY, Tr. *vs.* SARA A.
DAVIS *et al.*

JUNE 27, 1918.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)  Wills.   Construction.*

In the construction of wills unless a contrary intention clearly appears the language of the will should receive its ordinary and natural construction.

(2)   *Wills.   Trusts.*

By a testamentary trust, trustee was directed to pay the net income, seven-tenths to testator's daughter S., and three-tenths to his son J.   The will provided, "In case my daughter S. shall not be living at my decease or shall die during the continuance of this trust, her daughter H. shall take her mother's share and in case H. shall die before the termination of the trust, leaving no child or children, said income shall thereafter go to my daughters C. and M., share and share alike, and in case of the death of C. or M. or of both before the expiration of the trust, their children shall take the share of their parent, *per stirpes,* and in case H. shall die before the termination of said trust, leaving a child or children such child or children as the case may be shall take the parent's share."   Then followed two paragraphs (a) "And as to all said net income the payment of which is not herein provided for, the same shall be divided and apportioned equally between such of my children other than J. as shall be living at the time of the ascertainment and vesting of the said quarterly payments, respectively, and the children of such of them as shall not be then living and the survivors of them from time to time, children to take *per stirpes.*"   (b)   "If notwithstanding the provisions of the last preceding paragraph any case should arise in the administration of this trust in which provision is not found herein for the payment of any of said installments of income or any portion or portions of the same, said trustee is hereby empowered to retain the same until the termination of this trust keeping the same invested and turning it over with the accumulations to the parties who shall be entitled to said trust estate upon the termination of the trust."

Testator's daughters. S., C., and M., were living; but his son J., deceased after the death of testator, leaving surviving him a son.

*Held,* that the three-tenths share of J. was controlled by the provisions of paragraph (a) and in accordance therewith such share should be paid as it accrued equally among testator's three daughters, and in case of the decease of a daughter, then to the child or children of such daughter *per stirpes.*

BILL IN EQUITY for construction of will.

SWEETLAND, J.   This is a bill in equity brought by the Rhode Island Hospital Trust Company as trustee under the will of James Linton asking for instructions as to the proper construction of certain provisions of the will pertaining to the payment of the income of the trust fund.

James Linton died in Pawtucket, January 24, 1913.   His estate was fully administered by the executor.   By his will the testator gave a number of legacies and then in the ninth clause he gave and devised the rest and residue of his estate to the Rhode Island Hospital Trust Company, in trust, and provided that said trust should continue for the period of

twenty years from and after his decease. The testator explained his purpose in the following language: "This trust is established primarily to provide an income from the principal for the benefit of my two children, Sara A. Davis and James Linton, Jr., in the proportion and in the manner hereinafter provided so long as they shall both survive me." The trustee was directed to pay the net income of said trust fund to said Sara A. Davis and James Linton, Jr.; seven-tenths thereof to Sara A. Davis and three-tenths thereof to James Linton, Jr.   The testator specifically provided for the disposition which should be made of said seven-tenths of the net income in case his daughter Sara should not be living at the time of his decease or should die during the continuance of the trust. Said provision is as follows: "In case my daughter Sara shall not be living at my decease or shall die during the continuance of this trust, her daughter, Hope C. Drury, wife of William H. Drury, shall take her mother's share (seven-tenths), and in case Hope shall die before the termination of the trust, leaving no child or children, said income shall thereafter go to my daughters, Carrie P. Hawes and Margaret P. Jillson, share and share alike, and in case of the death of Carrie or Margaret or of both before the expiration of the trust, their children shall take the share of their parent, the children taking *per stirpes* and not *per capita,* and in case Hope C. Drury shall die before the termination of said trust, leaving a child or children, such child or children, as the case may be, shall take the parent's share."   Then follow in said will two paragraphs upon the construction of which the determination of this case mainly turns.   The first of these, which we shall hereinafter refer to as the "first paragraph," is as follows: "And as to all said net income the payment of which is not herein provided for, the same shall be divided and apportioned equally between such of my children other than James Linton, Jr., as shall be living at the time of the ascertainment and vesting of the said quarterly payments respectively as aforesaid, and the children of such of them as shall not

be then living, and the survivors of them from time to time, children to take *per stirpes* and not *per capita*." The next paragraph of the will, which we shall hereinafter refer to as the "second paragraph," is as follows: "If, notwithstanding the provisions of the last preceding paragraph, any case should arise in the administration of this trust in which provision is not found herein for the payment of any of said installments of income, or any portion or portions of the same, said trustee is hereby empowered to retain the same until the termination of this trust, keeping the same invested, and turning it over with the accumulations to the parties who shall be entitled to said trust estate upon the termination of the trust." The testator's daughters, Sara A. Davis, Carrie P. Hawes and Margaret P. Jillson are still living; the testator's son, James Linton, Jr., died November 21, 1915, after the death of the testator, leaving surviving him as his only child and heir at law the respondent, James Linton, 3rd.

In its bill the trustee states that "certain of the respondents have claimed that the three-tenths (3-10) of the income of said trust fund which was payable to James Linton, Jr., during his lifetime have now become payable to the respondents Sara A. Davis, Carrie P. Hawes and Margaret P. Jillson and Your Orator is uncertain as to whether under the terms of said will said three-tenths (3-10) of the net income should be so paid or should be otherwise paid or should be accumulated for the benefit of the remaindermen under said trusts;" and the trustee asks that it may be instructed as to its duty with respect to the distribution of said three-tenths of the net income under said trusts.

By the provisions of his will, which we have quoted above, the testator expressly considered the possibility of his daughter's death during the trust period and clearly provided in the event of such death for the disposition of her seven-tenths share in every contingency likely thereafter to arise. Naturally the testator would then have passed to the consideration of what should be done with his son's three-tenths share in the event of his son's death during the

trust period. He does not, however, refer specifically to the possible death of his son nor to the disposition which in that case should be made of the three-tenths share of the net income. In the paragraph which we have designated as the "first paragraph" the testator does in general terms direct the manner of distribution of "all said net income the payment of which is not herein provided for;" and in the so-called "second paragraph" the testator endeavors to provide for any case which might arise in the administration of the trust "in which provision is not found herein for the payment of any of said installments .of income" notwithstanding the provisions of the "first paragraph."

The first question to be determined is whether the distribution of said three-tenths of the net income, after the death of James Linton, Jr., during the trust period, is controlled by either the first or second paragraphs that we have designated, and if so by which.

Under the language of the "second paragraph" it has been suggested, as the possible intent of the testator, that in the event of the death of James Linton, Jr. , during the continuance of the trust, said three-tenths of the net income and the accumulations thereof should be turned back into the principal of the trust fund to be distributed at the end of the trust period. The provisions of this paragraph are without application to the situation now existing; as its language clearly shows that it was intended to be operative only in case circumstances arose for which the preceding paragraph had failed to provide. In our opinion the "first paragraph" is adequate to deal with the condition now existing. By its language it was intended to control "as to all said net income the payment of which is not herein provided for;" and there is no other portion of the will which provides for the payment of said three-tenths share of net income after the death of James Linton, Jr., during the trust period. In accordance with its provisions therefore said three-tenths share should be paid as it accrues to some one or more of these respondents, in accordance with the construction which should be given to said "first paragraph."

Sara A. Davis, Carrie P. Hawes and Margaret P. Jillson claim that they, as the only children of the testator "living at the time of the ascertainment and vesting of the quarterly payments" of net income now in question, are entitled to have said quarterly payments divided and apportioned equally among them. The guardian *ad litem* of James Linton, 3rd, urges that said James Linton, 3rd, as the only child of James Linton, Jr., now deceased, is entitled to share with his said three aunts in the division and apportionment of said three-tenths of the net income. The guardian *ad litem* bases his claim upon the construction which he would have the court give to said "first paragraph." He urges that when in said paragraph the testator used the language "such of my children other than James Linton, Jr., as shall be living at the time of the ascertainment and vesting of the said quarterly payments respectively, as aforesaid, and the children of such of them as shall not be then living," he intended that the payments of net income governed by said paragraph should be divided and apportioned between two classes, viz.: his children and his grandchildren; that he designated the first class as "such of my children other than James Linton, Jr., as shall be living at the time of the ascertainment and vesting of said quarterly payment," and the second class he designated as "the children of such of them as shall not then be living." Said guardian contends that the antecedent of the word "them" in the clause last quoted is not the words "my children other than James Linton, Jr.," appearing in the previous clause, but merely the words "my children." The argument of said guardian is not without force, although contrary to what appears to us to be the natural construction of said language. His contention would have greater weight if it was aided by the other provisions of the will. It is not however. In considering the claim that by this very general language the testator intended that James Linton, 3rd, should, on his father's death, take the father's share of income, it is very significant that the testator expressly provided in the preceding paragraph that, on the death of Mrs. Davis, during the trust period,

her share should be paid to her daughter. Further the will provides that upon the termination of the trust seven-tenths of the principal of the trust fund shall be paid to the testator's daughter Sara A. Davis if she be living; but if she be not living said payment shall be made to her nearest lineal descendant or descendants. The testator also directs that three-tenths of said principal shall be paid to James Linton, Jr., if he be then living; the testator, however, does not provide that if James Linton, Jr., be not living at the termination of the trust the payment shall be made to his descendant or descendants but in that event he directs that said three-tenths of the principal shall be distributed among the persons who shall be the testator's legal heirs and distributees at that time. It thus appears that the testator, as to a somewhat similar matter, did not intend that in the event of his son's death the children of his son should succeed to their father's share in the same manner as the children of Mrs. Davis take their mother's.

In the construction of wills unless a contrary intention clearly appears the language of the will shall receive its ordinary and natural construction. Applying that rule to the language now under consideration we find the intention of the testator, as to said three-tenths of the net income, to be that in the event of the death of James Linton, Jr., before the termination of the trust period, the quarterly payments thereof during the remainder of said period shall be divided and apportioned equally among the testator's three daughters and if "at the time of the ascertainment and vesting" of any quarterly payment any or all of his daughters shall not be living then the child or children of a daughter who has deceased shall be paid the share which would have been paid to his or their mother, if she had remained alive, said children to take *per stirpes* and not *per capita*.

The parties to the cause on July 1, 1918, may submit a form of decree in accordance herewith.

*Tillinghast & Collins*, for complainant.

*Gardner, Pirce & Thornley, Murdock & Tillinghast, Henry M. Boss, Jr.*, for various respondents.